UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANN F. TAYLOR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES OF AMERICA, and VOA/MJT, a SDVOSB Joint Venture,<br><br>　　　　　　Defendants. | CASE NO. C11-1996 RSM<br><br>ORDER DENYING MOTIONS TO STRIKE EXPERT WITNESS REPORTS AND TRIAL TESTIMONY |

## I. INTRODUCTION

This matter comes before the Court on Defendants' motions to strike the Fed. R. Civ. P. 26(a)(2) expert witness reports and bar the trial testimony of Richard Gill and Richard Gleason (Dkt. ## 57, 59) and Plaintiff's motion to strike the expert witness report and bar the trial testimony of Thomas Ayres (Dkt. # 62). For the reasons that follow, the motions shall be DENIED with leave to renew.

The case arises from Plaintiff Ann Taylor's fall outside of the entrance to the Seattle Veterans Medical Center (the "VA Hospital") on August 24, 2010. She contends that while she

walked along the temporary walkway constructed at the VA's south entrance, the heel of her shoe became trapped in a crack, which caused her to lose her balance. Ms. Taylor alleges that when she lost her balance, she fell on her right side and sustained injuries including a fractured hip. She brought this Federal Tort Claims Act ("FTCA") suit for negligence against the remaining Defendants, United States of America and VOA/MJT, a SDVOSB Joint Venture ("VOA/MJT"), and claims that Defendants failed to provide pedestrians safe access to the entrance of the VA hospital. Dkt. # 35.

Defendant VOA/MJT moves to strike the report and bar the trial testimony of two of Plaintiff's designated expert witnesses, Dr. Richard Gill and Dr. Richard Gleason. Plaintiff designated Dr. Gill as a safety, warnings, and human factors expert. She designated Dr. Gleason as a professional safety expert. Plaintiff moves to strike the report and trial testimony of Defendants' human factors rebuttal expert, Dr. Thomas Ayres.

## II. DISCUSSION

A court may strike an expert report for failure to comply with the procedural requirements of Fed. R. Civ. P. 26(a)(2)(B). *R.C. Olmstead, Inc. v. CU Interface*, LLC, 606 F.3d 262, 270 (6th Cir. 2010). Rule 26 requires that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). If a report fails to include the expert's opinions and basis for those opinions, Fed. R. Civ. P. 37(c)(1) bars a party from relying on the deficient report or offering the testimony of the expert witness at trial. *See* Fed. R. Civ. P. 37(c)(1) ("[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless"). The expert witness disclosure and report requirements of Rule 26 are designed to

1  "avoid unfair surprise to the opposing party at trial and to relieve opposing counsel of the need to
2  depose the expert witness separately before trial." *Moore v. Weinstein Co., LLC*, 88 Fed. R. Evid.
3  Serv. 602, 2012 WL 1884758, * 5 (M.D. Tenn. May 23, 2012) (citing 6 Moore's Federal
4  Practice-Civil § 26.23[2][B][ii] (3d ed. 2012)).
5      Courts may also bar expert witness testimony if the expert is not qualified, or if the
6  testimony is unreliable. Federal Rule of Evidence 702 states that a qualified expert witness may
7  give an opinion on scientific, technical, or otherwise specialized topics "if (1) the testimony is
8  based upon sufficient facts or data, (2) the testimony is the product of reliable principles and
9  methods, and (3) the witness has applied the principles and methods reliably to the facts of the
10 case." Fed. R. Evid. 702. To satisfy Rule 702, *Daubert v. Merrell Dow Pharms., Inc.*, sets forth
11 the standards appropriate to determine whether expert testimony is sufficiently reliable and
12 relevant. 509 U.S. 579, 589 (1993). An opinion is reliable if it is based on "scientifically valid
13 principles." An opinion is relevant if it "assist[s] the trier of fact to ... determine a fact at issue."
14     Here, VOA/MJT argues that both Dr. Gill and Dr. Gleason's reports and purported
15 testimony are inadmissible under Fed. R. Evid. 702 because they are speculative, conclusory, and
16 lack adequate foundation, and for those reasons, the Court should strike the reports and bar their
17 trial testimony. Dkt. # 57, p. 4. Likewise, Plaintiff contends that Dr. Ayres' report is speculative,
18 conclusory, and lacks adequate foundation. As an initial matter, it is unclear whether the parties
19 seek to challenge the expert reports and purported trial testimony as procedurally deficient under
20 Fed. R. Civ. P. 26(a), as substantively deficient under Fed. R. Evid. 702 and *Daubert's*
21 admissibility standard, or whether they challenge the reports and trial testimony on the grounds
22 that they fail to satisfy some facet of Washington law. Although the parties state that the motions
23
24

are brought under Fed. R. Evid. 702, they proceed to argue the motions solely under Washington state case law.

The Federal Torts Claims Act requires federal courts to look to the law of the state where the act or omission occurred in order to determine government liability. 28 U.S.C. § 1346(b); *Will v. U.S.,* 60 F.3d 656, 659 (9th Cir. 1995). In this case, because the negligent acts or omissions occurred in Washington, Washington substantive law applies. Ordinarily, even in cases where federal courts apply state substantive law, Fed. R. Evid. 702 governs the admissibility of expert testimony. *See Cavallo v. Star Enter.*, 100 F.3d 1150, 1157 (4th Cir. Va. 1996). There are instances, however, where state substantive law may guide the trial court's admissibility evaluation under Rule 702. *See, e.g.*, *Trowbridge v. United States*, CV 07-32-S-REB, 2009 WL 1813767, * 7 (D. Idaho June 25, 2009) (finding medical expert's proffered standard of care opinions admissible under Idaho law despite government's contention that the doctor did not adequately familiarize himself with the community standard of care required under the Idaho Code). And this is equally true for cases brought under the FTCA. *See Harvey v. U.S.*, Civil Action No. 04-cv-188, 2006 WL 1980623, * 4-5 (D. Colo. July 13, 2006) (analyzing admissibility of expert witness testimony under Colorado law to determine whether expert was qualified to opine on the standard of care for medical practitioners in Colorado).

The parties have not shown that the evidentiary challenges levied against Dr. Gill, Dr. Gleason, and Dr. Ayres require consideration of Washington State law. Although the parties cite Washington cases for the general proposition that "[i]t is well established that conclusory or speculative expert opinions lacking an adequate foundation will not be admitted," (*Safeco Ins. Co. v. McGrath*, 817 P.3d 861, 865 (Wash. Ct. App. 1991)), no substantive Washington law has been identified that would supplant the Court's consideration of the admissibility of the experts'

reports and testimony under Fed. R. Evid. 702 and *Daubert*. Thus, it is unclear why state evidentiary standards should guide this Court's analysis. For this reason, the motions to strike the reports and trial testimony of Dr. Gill, Dr. Gleason, and Dr. Ayres are DENIED with leave to renew should the parties choose to either (1) clarify why this Court should look to state law to resolve the motions to strike, or (2) bring a *Daubert* challenge against the disclosed expert witnesses.

### III. CONCLUSION

Having reviewed the motions, the responses and replies thereto, the attached declarations and exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant VOA/MJT's Motion to Strike Dr. Gill (Dkt. # 57) and Motion to Strike Dr. Gleason (Dkt. # 59) are DENIED with leave to renew;

(2) Plaintiff's Motion to Strike Dr. Ayres (Dkt. # 62) is DENIED with leave to renew;

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

Dated this 21 day of May 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE