THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANN F. TAYLOR,<br><br>         Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA, and<br>VOA/MJT, a SDVOSB Joint Venture<br><br>         Defendants. | NO.C11-CV-01996-RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT |

This matter comes before the Court on Plaintiff's "Motion to Enforce Settlement and Compel Defendant USA's Payment of Settlement Proceeds" (Dkt. # 82). On June 14, 2013, Plaintiff's counsel sent an Executed Stipulation for Compromise Settlement ("Stipulation") to Defendant's counsel. Dkt. # 82-1, ¶ 4. On July 8, 2013, Defendant's counsel responded via e-mail that the Stipulation was sent to the United States Department of Treasury on June 19, 2013. Dkt. # 82-1, p. 8. Despite counsel's statement that the Department of Treasury ordinarily takes six weeks to wire settlement funds (*id.* at p. 9), Plaintiff still has not received settlement funds from the government.

ORDER GRANTING DEFENDANT VOA/MJT, A SDVOSB JOINT
VENTURE'S MOTION FOR LEAVE TO AMEND ANSWER- 11-1996–
Page 1

The trial court has inherent power to enforce settlement agreements. *In re Suchy*, 786 F.2d 900, 902-03 (9th Cir. 1983). This authority "has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978). Generally, a settlement agreement is interpreted and enforced in accordance with state law. *Jeff. D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). And in Washington, contract interpretation requires determining the objective manifestation of the parties' intent to enter the agreement. *Hearst Communications, Inc. v. Seattle Times Co.*, 154 Wash. 2d 493, 503 (2005). The court does not look to the subjective intent of the parties. *Id.*

When a party moves to enforce the terms of a settlement agreement, that party bears the burden of "proving that there is no genuine dispute over the existence and material terms of the agreement." *Bringerhoff v. Campbell*, 99 Wash. App. 692, 696-97, 994 P.2d 911 (2000). The court must view the facts in the light most favorable to the non-moving party to "determine whether reasonable minds could reach but one conclusion." *Id.* at 697.

Here, the government does not dispute the material terms of the agreement. The government contends only that Financial Management Services ("FMS") has changed its policy with respect to payment processing. The government contends that all payments from FMS will now require eight to twelve weeks for processing. Dkt. # 85, p. 2. As of the date of this Order, at least ten weeks will have passed since Defendant submitted the payment request to the Department of Treasury. As there is no dispute over the existence of a material term of the agreement, the Court grants Plaintiff's motion and directs the government to satisfy its payment obligations on or before September 13, 2013. The Court notes that this

ORDER GRANTING DEFENDANT VOA/MJT, A SDVOSB JOINT
VENTURE'S MOTION FOR LEAVE TO AMEND ANSWER- 11-1996–
Page 2

date affords Defendant over twelve total weeks, the outer bound of FMS's "new" average payment processing time period, to comply with the Settlement Agreement reached by the parties. Accordingly, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion to Enforce Settlement (Dkt. # 82) shall be GRANTED;

(2) Defendant United States of America shall satisfy its payment obligation on or before September 13, 2013.

DATED this 3 day of September 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE